MAY 23, 1804.

# Robinson  v.  Morgan.

*On a rehearing of an appeal, &c.*

This rehearing was obtained by Morgan; therefore, it is proper to mention that the court is now convinced that the decree under consideration, as to the validity of Robinson's location of his settlement right, and of the manner in which it ought to have been surveyed, is erroneous, and that the location on his pre-emption warrant can not have the dignity of a pre-emption.   But as Morgan was the complainant in the court below, the validity of the locations of the settlement and pre-emption right under which he claims, must also be investigated; and the court is now further convinced that the distinction between the notoriety of the objects called for in these·locations at the time they were made, and the notoriety which these objects may have since acquired, was not' sufficiently regarded, when the decree alluded to was pronounced; and, consequently, that in this respect the decree is also erroneous. The radical calls in both these locations are, "lying on the waters of Boone's creek," and " adjoining Colonel Robinson's survey to the east."   By the surveyor's report exhibited, it seems to have been admitted by Robinson and his agent, that the land in contest lies on the waters of what is now named Boone's creek, and on the east of a military survey made for David Robinson.   But Robinson, in his answer, charges that Morgan's claim is vague, and improperly surveyed, and puts him upon the complete proof of his title; and there is no testimony that in the year 1780, when his locations were made, that what is now named Boone's creek, was then generally known by that name, even to those who were conversant with it—nor that Colonel Robinson's survey was then generally known by that style to those who were conversant with Boone's creek and its waters.   Nor is a plat and certificate of David Robinson's military survey exhibited, from which it might appear that it contains a description by which the water course and the survey could, by using reasonable diligence, have been certainly found by subsequent locators.   Nor is it proven that David Robinson was generally styled Colonel Robinson—nor are any of

these facts admitted by Robinson or his agents. Therefore, the title of the complainant is not so proven, as to authorize a decree, that it should take the preference of Robinson's elder legal title to the land in contest: inasmuch as it would be contrary to law, and to the former decisions of this court, in the cases of *Tandy* against *Bledsoe, Pelham* against *Craig,* and several others which need not be cited. Wherefore, it is decreed and ordered, that the decree herein pronounced by this court, on the 7th day of May, 1803, be set aside and annulled. And it is further decreed and ordered that the suit be remanded to the circuit court for the county of Fayette, that it may dissolve the injunction obtained by the complainant, and dismiss his bill with costs; which is ordered to be certified to the said circuit court.